Filed 10/5/21  P. v. Lewis CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>DARONTA LEWIS,<br><br>       Defendant and Appellant. | A162630<br><br>(Solano County<br>Super. Ct. No. FCR330522) |

Daronta Lewis appeals from an order purportedly issued after he entered a no contest plea.  His attorney has filed a brief seeking our independent review of the appellate record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), to determine whether there is any arguable issue on appeal.  We will dismiss the appeal.

## I.  FACTS AND PROCEDURAL HISTORY

A September 2017 information charged Lewis with two counts of second degree robbery (Pen. Code, § 211).[1]  The information alleged that he personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)) and had seven prison priors (§ 667.5, subd. (b)).

Pursuant to a plea agreement in August 2018, Lewis entered a plea of nolo contendere to one count of robbery with a "*Harvey* waiver" (*People v.*

---

[1]     All statutory references are to the Penal Code.

1

*Harvey* (1979) 25 Cal.3d 754) and admitted the allegations of the weapon enhancement (§ 12022, subd. (b)(1)) and three prison-prior enhancements (§ 667.5, subd. (b)). On the People's motion, the court dismissed the other count and allegations.

In September 2018, the court sentenced Lewis to a total of nine years in state prison, comprised of the upper term of five years for the robbery conviction and a consecutive one-year term for each of the four enhancements. The court awarded Lewis 556 days of presentence credits, consisting of 484 actual days and 72 conduct days, pursuant to section 2933.1.

In January, February, and March 2019, Lewis submitted pro per requests to modify his sentence by striking the time that had been imposed for the three prison-prior enhancements in light of changes in the law under Senate Bill 1393 and/or Assembly Bill 2942.

On May 2, 2019, the Solano County Superior Court denied Lewis's request for a "petition for writ of habeas corpus," noting that Lewis was "not sentenced under any law affected by the changes made pursuant to Senate Bill 1373 [sic]."

The record includes a pro per motion dated December 10, 2019, in which Lewis purportedly asked this court to direct the superior court clerk to file a belated notice of appeal from his September 2018 judgment and sentence. There is no indication in the record, however, that the document was filed in this court.

The record also contains an application dated December 10, 2019 for a certificate of probable cause in connection with that notice of appeal, as well as an application asking the superior court to adjust his presentence credits. The record does not contain a ruling on these applications.

2

By documents dated December 29, 2020 and January 19, 2021, Lewis filed pro per requests for a certificate of rehabilitation pursuant to section 4852.01. By written order filed and served on February 17, 2021, the Solano County Superior Court denied Lewis's requests, stating he was not eligible for relief under the statute.

On April 27, 2021, Lewis filed a notice of appeal purportedly from a post-judgment order dated April 2, 2021. Accompanying the notice of appeal was an abstract of judgment, minute orders from 2018, and a docketing statement that asserts the appeal is from the denial of resentencing. No order dated April 2, 2021 is attached to the notice of appeal or docketing statement or included in the appellate record. In the docketing statement, Lewis requested preparation of reporters' transcripts for hearings on or before May 2, 2019, the date his habeas petition was denied.

## II. DISCUSSION

Lewis's appellate counsel represents in the opening brief in this appeal that she advised Lewis that a *Wende* brief was being filed and that he may personally file a supplemental brief in this case within 30 days. We extended that period to September 21, 2021, in response to a subsequent request by Lewis's appellate counsel. The deadline has passed, and we have not received a supplemental brief from Lewis.

Because the appeal is from a post-judgment order, and not from a judgment of conviction, the appeal is not subject to *Wende* review. (E.g., *People v. Freeman* (2021) 61 Cal.App.5th 126, 132–133; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111–113, rev. granted May 12, 2021, S267870.) Although some appellate courts have held that review may be taken in the court's discretion and the interests of justice (*People v. Flores* (2020) 54 Cal.App.5th 266, 269–273), there is no basis for doing so here, because the

3

appellate record does not contain the April 2, 2021 order from which Lewis purportedly appeals. While the docketing statement refers to a resentencing order as well, the May 2019 denial of resentencing is no longer subject to an appeal.

Appellate counsel states that Lewis "personally requests" that we "review whether the superior court erred or abused its discretion in denying his petition for a certificate of rehabilitation, pursuant to Penal Code section 4852.01" on February 17, 2021. That order is not identified in the notice of appeal; the notice of appeal was not filed within 60 days from the date of the February 17 order (Cal. Rules of Court, rule 8.308(a)); and even if the February 17 order had been timely appealed, it does not present an arguable issue.

Because the order from which Lewis appeals is not in the record, we will dismiss the appeal. We note, however, that Lewis's docketing statement asserts, "petition not filed or heard in Solano County" and the "petition of resentencing was heard and ruled on in Contra Costa County." (Capitalization omitted.) We further note there is another appeal pending in this court—appeal number A162555—in which Lewis has appealed from an April 2, 2021 order issued by the Contra Costa Superior Court. For clarity, our dismissal of this appeal will be without prejudice to the proceedings in appeal number A162555.

## III. DISPOSITION

The appeal is dismissed, without prejudice to the proceedings in appeal number A162555.

4

_____

NEEDHAM, J.

We concur.

_____

JACKSON, P.J.

_____

SIMONS, J.

*People v. Lewis* / A162630

5